UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EUGENE F. DEAN,

                Plaintiff,

    v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

               Defendant.

Case No. 3:14-cv-05771-KLS

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of his

applications for disability insurance and supplemental security income ("SSI") benefits. Pursuant

to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties

have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing

the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth

below, defendant's decision to deny benefits should be reversed and this matter should be

remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On June 21, 2011, plaintiff protectively filed applications for disability insurance and SSI

benefits, alleging in both applications he became disabled beginning December 8, 2010. *See* Dkt.

9, Administrative Record ("AR") 13. Those applications were denied upon initial administrative

ORDER - 1

review on August 9, 2011, and on reconsideration on October 3, 2011. *See id.* A video hearing

was held before an administrative law judge ("ALJ") on November 20, 2012, at which plaintiff,

represented by counsel, appeared and testified, as did a vocational expert. *See* AR 31-67.

In a decision dated January 18, 2013, the ALJ determined plaintiff to be not disabled. *See*

AR 10-30. Plaintiff's request for review of the ALJ's decision was denied by the Appeals

Council on July 23, 2014, making that decision the final decision of the Commissioner of Social

Security (the "Commissioner"). *See* AR 1-7; 20 C.F.R. § 404.981, § 416.1481. On September 30,

2014, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final

decision. *See* Dkt. 3. The administrative record was filed with the Court on March 16, 2015. *See*

Dkt. 9. The parties have completed their briefing, and thus this matter is now ripe for the Court's

review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded

for an award of benefits, or in the alternative for further administrative proceedings, because the

ALJ erred: (1) in evaluating the medical evidence in the record; (2) in discounting plaintiff's

credibility; (3) in assessing plaintiff's residual functional capacity ("RFC"); (4) in finding

plaintiff to be capable of performing other jobs existing in significant numbers in the national

economy based on vocational expert testimony that deviated from the Dictionary of

Occupational Titles; and (5) in failing to include in the court transcript all records submitted to

the Appeals Council. For the reasons set forth below, the undersigned agrees the ALJ erred in

evaluating the medical evidence in the record – and thus in assessing plaintiff's RFC and in

finding him capable of work – and therefore in determining him to be not disabled. Also for the

reasons set forth below, however, the undersigned recommends that while defendant's decision

to deny benefits should be reversed on this basis, this matter should be remanded for further

ORDER - 2

administrative proceedings.[1]

DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Commissioner of Social Security Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting

---

[1] Plaintiff also has filed a motion to supplement and correct the record, seeking to add to the record medical records submitted to the Appeals Council after the ALJ issued his unfavorable decision. *See* Dkt. 24. But because the Court finds that decision should be reversed and remanded for further administrative proceedings, it is not necessary to consider that additional evidence here, and therefore plaintiff's motion is denied on that basis. To the extent the Commissioner deems it necessary to consider that evidence on remand, however, it shall be evaluated along with the other evidence in the record as directed herein.

1    *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).[2]

2    I.       The ALJ's Evaluation of the Medical Evidence in the Record

3            The ALJ is responsible for determining credibility and resolving ambiguities and

4    conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

5    Where the medical evidence in the record is not conclusive, "questions of credibility and

6    resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639,

7    642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v.*

8    *Commissioner of the Social Security Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining

9    whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at

10   all) and whether certain factors are relevant to discount" the opinions of medical experts "falls

11   within this responsibility." *Id.* at 603.

12           In resolving questions of credibility and conflicts in the evidence, an ALJ's findings

13   "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this

14   "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence,

15   stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences

16   "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may

17   draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881

18   F.2d 747, 755 (9th Cir. 1989).

---

[2] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that
> which the [Commissioner] reached. If the [Commissioner]'s findings are supported by
> substantial evidence, the courts are required to accept them. It is the function of the
> [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may
> not try the case de novo, neither may it abdicate its traditional function of review. It must
> scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are
> rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER - 4

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson*, 359 F.3d at 1195; *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

In May  2011, Andrew Cheng, M.D., opined, among other things, that plaintiff was limited to lifting five pounds occasionally and zero pounds frequently. AR 246. The ALJ gave Dr. Cheng's opinion some weight because it was "generally consistent with the overall record." AR 23. The ALJ then stated,

> However, Dr. Cheng's own records demonstrate significant improvement with the
> use of beta blockers over the next year (Exhibit 15F/60). Furthermore, the

1
2

> claimant continued to use an amp in excess of 30 pounds after this opinion and
> regularly play a guitar that weighed approximately five pounds (Exhibit 5F/91).
> Thus, little weight is given to Dr. Cheng's lifting restrictions.

3
4

*Id*. Plaintiff asserts the ALJ did not provide valid reasons for giving little weigh to Dr. Cheng's

lifting limitations. The Court agrees.

5
6
7

       First, the ALJ's statement that plaintiff showed significant improvement is not supported

by substantial evidence with respect to the lifting restrictions Dr. Cheng found. In June 2012, Dr.

8

Cheng stated plaintiff reported that he felt about 50% improved from a year before and that he

9

continued to have shortness of breath and fatigue when going up hills or climbing stairs, but that

10

he was able to walk on level ground without difficulty and for about half a mile without resting.

11
12

*See* AR 710. The ALJ cited this self-reporting as evidence of plaintiff's significant improvement.

Plaintiff's self-reporting, however, makes no reference to his ability to lift, nor does it offer any

13
14

specific reason to believe the previous lifting restrictions no longer apply. *See id*.

15

       Second, the contradiction between Dr. Cheng's assessed lifting limitation and plaintiff's

16

reported daily activities that the ALJ noted is not supported by substantial evidence. An ALJ may

17

reject a physician's opined limitations on the basis that other evidence of a claimant's ability to

18

function, including reported activities of daily living, contradict that conclusion. *See Morgan*,

19

169 F.3d at 601-02. Here, however, although the ALJ cited a report from December 21, 2010,

20
21

that states plaintiff used an amp weighing over thirty pounds, that report does not, as the ALJ

characterized it, clearly indicate how or to what extent plaintiff used that amp or that he used it

22
23

after Dr. Cheng's issued his opinion in May 2011. *See* AR 23, 428. Accordingly, the supposed

contradiction between plaintiff's reported daily activities and the lifting limitation Dr. Cheng

24
25

assessed identified by the ALJ does not exist.

26

       Moreover, other evidence in the record that shows plaintiff did play in a band after Dr.

ORDER - 6

1  Cheng's opinion was issued in May 2011, does not necessarily contradict the limitation to lifting

2  five pounds occasionally and zero pounds frequently he assessed. While it appears that plaintiff

3  continued playing guitar and performing in a band and that plaintiff got a smaller amp at some

4  point in 2011, again the record fails to indicate that plaintiff actually lifted the amp or if he did,

5  the extent to which he was involved in lifting it. *See* AR 359, 579, 623, 716, 725. Therefore, this

6  too was not a valid reason for discounting Dr. Cheng's lifting limitation.

7  II.    The ALJ's Assessment of Plaintiff's Residual Functional Capacity

8          Defendant employs a five-step "sequential evaluation process" to determine whether a

9  claimant is disabled. *See* 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920. If the claimant is found

10 disabled or not disabled at any particular step thereof, the disability determination is made at that

11 step, and the sequential evaluation process ends. *See id.* If a disability determination "cannot be

12 made on the basis of medical factors alone at step three of that process," the ALJ must identify

13 the claimant's "functional limitations and restrictions" and assess his or her "remaining

14 capacities for work-related activities." SSR 96-8p, 1996 WL 374184 *2. A claimant's RFC

15 assessment is used at step four to determine whether he or she can do his or her past relevant

16 work, and at step five to determine whether he or she can do other work. *See id.*

17         Residual functional capacity thus is what the claimant "can still do despite his or her

18 limitations." *Id.* It is the maximum amount of work the claimant is able to perform based on all

19 of the relevant evidence in the record. *See id.* However, an inability to work must result from the

20 claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those

21 limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing

22 a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related

23 functional limitations and restrictions can or cannot reasonably be accepted as consistent with the

ORDER - 7

medical or other evidence." *Id.* at *7.

The ALJ in this case found plaintiff had the RFC to perform:

> **. . . light work, as defined in 20 CFR 404.1567(b) and 416.967(b), that does not require standing or walking for more than four out of eight hours, or sitting for more than six out of eight hours; that does not require lifting or carrying more than five pounds frequently; that does not require more than occasional climbing, balancing, stooping, kneeling, or crouching; that is simple, routine, allows the worker to change between sitting and standing at their will; and that does not require exposure to hazards such as unprotected heights or open machinery.**

AR 18 (emphasis in original). However, because as discussed above the ALJ erred in discounting the medical opinion evidence in the record concerning plaintiff's ability to lift, the ALJ's RFC assessment cannot be said to completely and accurately describe all of plaintiff's functional capabilities. Accordingly, here too the ALJ erred.

III.   The ALJ's Findings at Step Five

If a claimant cannot perform his or her past relevant work, at step five of the disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *See Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 416.920(d), (e). The ALJ can do this through the testimony of a vocational expert or by reference to defendant's Medical-Vocational Guidelines (the "Grids"). *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at 1100-1101.

An ALJ's findings will be upheld if the weight of the medical evidence supports the hypothetical posed by the ALJ. *See Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. *See Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's disability "must be accurate, detailed, and supported by the medical record." *Id.*

ORDER - 8

(citations omitted). The ALJ, however, may omit from that description those limitations he or she finds do not exist. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

At the hearing, the ALJ posed hypothetical questions to the vocational expert containing substantially the same limitations as were included in the ALJ's RFC assessment. *See* AR 55-58. In response, the vocational expert testified that an individual with those limitations – and with the same age, education, and work experience as plaintiff – would be able to perform other jobs. *See id*. Based on the testimony of the vocational expert, the ALJ found plaintiff capable of performing other jobs existing in significant numbers in the national economy. *See* AR 25-26. Again, however, because the ALJ erred in evaluating the medical opinion evidence in the record and thus in assessing the plaintiff's RFC, the hypothetical question cannot be said to completely and accurately describe all of plaintiff's functional capabilities. As such, the ALJ's reliance on the vocational expert's testimony in response thereto – and therefore his step five determination – cannot be said to be supported by substantial evidence or free of error as well.[3]

IV.    This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that

---

[3] Defendant correctly notes that one of the jobs the vocational expert identified is performed at the sedentary work level, and that the Commissioner's definition of sedentary work does not contain any indication of a requirement for lifting on a frequent basis. *See* AR 26, 56; SSR 83-10, 1983 WL 31251, at *5. As defendant also admits, however, sedentary work does require the ability to lift up to a maximum of ten pounds. *See id*. Given that Dr. Cheng limited plaintiff to lifting five pounds only, if Dr. Cheng's opinion were credited there would be a clear inconsistency with the vocational expert's testimony concerning the sedentary job that was identified.

ORDER - 9

1   "remand for an immediate award of benefits is appropriate." *Id.*

2       Benefits may be awarded where "the record has been fully developed" and "further

3   administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v.*

4   *Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

5
        (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the
6       claimant's] evidence, (2) there are no outstanding issues that must be resolved
        before a determination of disability can be made, and (3) it is clear from the
7       record that the ALJ would be required to find the claimant disabled were such
        evidence credited.
8

9   *Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

10  Because issues still remain in regard to the medical opinion evidence in the record concerning

11  plaintiff's ability to lift, and thus his RFC and ability to perform other jobs existing in significant

12  numbers in the national economy, remand for further consideration of those issues is warranted.

13                              <u>CONCLUSION</u>

14      Based on the foregoing discussion, the Court hereby finds the ALJ improperly concluded

15
    plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is REVERSED
16
    and this matter is REMANDED for further administrative proceedings in accordance with the
17
    findings contained herein. For the reasons set forth above, plaintiff's motion to supplement and
18
    correct the record (*see* Dkt. 24) is DENIED.
19
        DATED this 2nd day of September, 2015.
20

21

22

23

24                              Karen L. Strombom
                                United States Magistrate Judge
25

26

ORDER - 10