1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6
7
8
9
10
11

EUGENE F. DEAN,

                         Plaintiff,

       v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                         Defendant.

Case No. 3:14-cv-05771-KLS

ORDER GRANTING IN PART
PLAINTIFF'S MOTION FOR ATTORNEY
FEES AND EXPENSES PURSUANT TO
28 U.S.C. § 2412

12
13
14
15
16
17
18

        This matter is before the Court on plaintiff's filing of a motion for attorney fees pursuant

to 28 U.S.C. § 2412, the Equal Access to Justice Act (EAJA). Dkt. 31. Plaintiff seeks a total of

$5,989.29 in attorney fees and $23.67 in expenses. Dkt. 33. For the reasons set forth below the

Court finds that plaintiff's motion should be granted to the extent that he is entitled to a total of

$5,590.96 and $23.67 in expenses.

19

                              FACTUAL AND PROCEDURAL HISTORY

20
21
22
23
24
25
26

        On May 27, 2015, plaintiff filed his opening brief arguing that "the Commissioner's

failure to file a complete court transcript that includes all of the new evidence that was submitted

to the Appeals Council violated [his] constitutional right to procedural due process," or in the

alternative that "the new evidence, considered along with the other evidence [in the record],

shows that the ALJ's decision was not supported by substantial evidence and it was based on

legal error." Dkt. 13, p. 19. At the same time, plaintiff filed a motion seeking to allow him to file

a sealed copy of the missing new evidence, repeating much of the same argument he provided in

ORDER - 1

his opening brief.[1] *See* Dkt. 14. In that motion, plaintiff stated he also was filing a motion asking

the Court to order the Commissioner to file a supplemental record containing that evidence. *Id.*

On May 29, 2015, the Court granted plaintiff's motion. Dkt. 19. On June 18, 2015,

defendant filed her responsive brief, responding to plaintiff's argument regarding the alleged

error concerning the missing new evidence (Dkt. 20, pp. 14-17), and on July 21, 2015, plaintiff

filed a reply thereto, in which he specifically addressed defendant's response (Dkt. 23, pp. 9-10).

Also on that day, plaintiff filed a motion to supplement or correct the record with the missing

new evidence, in which he again reiterated his argument concerning the same and provided

additional argument in reply to defendant's response. Dkt. 24. Defendant filed a response thereto

on July 29, 2015. Dkt. 25. No reply to defendant's response was filed.

On September 2, 2015, the Court issued an order reversing defendant's decision to deny

plaintiff's applications for disability insurance and SSI benefits, and remanding this matter for

further administrative proceedings. Dkt. 28. The Court denied plaintiff's motion to supplement

or correct the record, because reversal and remand was warranted based on the record before the

ALJ, and therefore it was not necessary to consider the missing new evidence. *Id.* at p. 3 n.1. On

December 2, 2015, plaintiff filed his motion for attorney fees and expenses. Dkt. 31.

On December 14, 2015, defendant filed her response to that motion, arguing plaintiff's

attorney fees request should be reduced for the amount of time his counsel spent in regard to the

motion to supplement or correct the record due to it being both excessive and redundant. Dkt. 32.

On December 18, 2015, plaintiff filed his reply thereto, agreeing that the 4.0 hours in attorney

fees he requested for time spent on his reply to defendant's response to that motion should not be

granted because that reply was never filed, but arguing that the time spent on the motion itself is

---

[1] A day later, plaintiff filed a stipulated amended motion regarding the same. Dkt. 17.

ORDER - 2

otherwise reasonable. Dkt. 31-3; Dkt. 33.[2] As the parties have fully briefed this issue, this matter

is now ripe for the Court's review.

DISCUSSION

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a
> prevailing party other than the United States fees and other expenses, in
> addition to any costs awarded pursuant to subsection (a), incurred by that
> party in any civil action (other than cases sounding in tort), including
> proceedings for judicial review of agency action, brought by or against the
> United States in any court having jurisdiction of that action, unless the court
> finds that the position of the United States was substantially justified or that
> special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, to be eligible for EAJA attorney fees: (1) the claimant must be

a "prevailing party"; (2) the government's position must not have been "substantially justified";

and (3) no "special circumstances" must exist that make an award of attorney fees unjust.

*Commissioner, Immigration and Naturalization Serv. v. Jean*, 496 U.S. 154, 158 (1990).

In Social Security disability cases, "[a] plaintiff who obtains a sentence four remand is

considered a prevailing party for purposes of attorneys' fees." *Akopyan v. Barnhart*, 296 F.3d

852, 854 (9th Cir. 2002) (citing *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993).[3] Such a

plaintiff is considered a prevailing party even when the case is remanded for further

---

[2] The Court assumes plaintiff calculated the 4.0 hours by adding the 2.4 hours spent drafting the reply on August 26, 2015, the 1.5 hours drafting it on September 2, 2015, and the 0.1 hours spent reviewing defendant's response to the motion itself. Dkt. 31-3, pp. 1-2. However, the itemized list of billable time plaintiff submitted also lists 0.1 hours spent filing a notice re-noting the motion. *Id.* at p. 1. Because plaintiff stated he was re-noting the motion "due to a calendaring error" in not yet filing a reply, the Court finds this amount of time also is related to the reply itself, and therefore plaintiff's total requested hours should be reduced by 4.1 hours.

[3] Section 405(g) of Title 42 of the United States Code "authorizes district courts to review administrative decisions in Social Security benefit cases." *Id.*, 296 F.3d at 854. Sentence four and sentence six of Section 405(g) "set forth the exclusive methods by which district courts may remand [a case] to the Commissioner." *Id.* "The fourth sentence of § 405(g) authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991); *see also Akopyan*, 296 F.3d at 854 (sentence four remand is "essentially a determination that the agency erred in some respect in reaching a decision to deny benefits.").

administrative proceedings. *Id*. Defendant does not argue that plaintiff is not a prevailing party, that the government's position was substantially justified or that special circumstances exist making an award of attorney's fees in this case unjust. Instead, as noted above, defendant asserts plaintiff's request for attorney fees in relation for his motion to supplement or correct the record is not reasonable. The Court agrees.

Before granting attorney fees under the EALJA, the Court must determine whether they are "reasonable." *Jean*, 496 U.S. at 161; 28 U.S.C. § 2412(d)(1)(A) ("'fees and other expenses' includes . . . reasonable attorney fees"). The test to be used in determining what attorney fees are reasonable was set forth in *Hensley v. Eckerhart*, 461 U.S. 424 (1983), which dealt with recovery of attorney fees under 42 U.S.C. § 1988. That test "also is applicable to awards of fees under the EAJA." *Sorenson v. Mink*, 239 F.3d 1140, 1145 n.2 (9th Cir. 2001) (citing *Jean*, 496 U.S. at 161 (once private litigant has met eligibility requirements for EAJA fees, district court's task of determining what fee is reasonable is essentially same as that described in *Hensley*)); *see also Haworth v. State of Nevada*, 56 F.3d 1048, 1051 (9th Cir. 1995) (case law construing what is "reasonable" fee applies uniformly to all federal fee-shifting statutes) (quoting *City of Burlington v. Dague*, 505 U.S. 557, 562, 112 S.Ct. 2638, 2641 (1992)).

In determining "the amount of a reasonable fee," the "most useful starting point" for the Court "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. To that end, "[t]he party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Id.* The Court "should exclude from this initial fee calculation hours that were not 'reasonably expended,'" however, and "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434.

ORDER - 4

The Court "has discretion in determining the amount of a fee award." *Hensley*, 461 U.S. at 434; *see also Oklahoma Aerotronics, Inc. v. United States*, 943 F.2d 1344, 1347 (D.C. Cir. 1991) ("[T]he determination of how much to trim from a claim for fees is committed to the court's discretion.") (citing *Pierce v. Underwood*, 487 U.S. 552, 571 (1988)). It must, though, "provide a concise but clear explanation of its reasons for the fee award" it grants. *Hensley*, 461 U.S. at 437. Plaintiff argues the 3.4 hours of time spent preparing the motion to supplement or correct the record was neither excessive nor unreasonable, given that defendant had refused to supplement the record with the missing new evidence or to stipulate to his motion to supplement or correct the record.

While the Court agrees that the filing of the motion to supplement or correct the record likely was necessary in order to get the Court to rule on whether or not to admit the missing new evidence or direct the Commissioner to include it in a supplemental record, as defendant points out and as noted above, that motion contains a significant amount of argument plaintiff should or could have included in his opening and reply briefs, and that in fact was already included therein. Accordingly, plaintiff's request for attorney fees for time spent preparing that motion is reduced from a total of 3.4 hours to a total of 1.4 hours, which should have been sufficient to get the issue of supplementing or correcting the record before the Court.

For all of the foregoing reasons the Court finds plaintiff's motion for attorney fees and expenses pursuant to the EAJA (Dkt. 31; Dkt. 33) should be granted as follows:

(1)     Plaintiff is granted attorney fees in the amount of $5,590.96[4] and expenses in the amount of $23.67.

---

[4]Plaintiff's total attorney fee request of $6,368.65 is reduced by $777.69 for the 4.1 hours spent on plaintiff's reply to defendant's response to his motion to supplement or correct the record (4.1 x $189.68), as well as by an additional $379.36 for the 2.0 hours in regard to the motion itself as explained above (2.0 x $189.68), but increased by $379.36 for the 2.0 hours spent litigating the EAJA attorney fees issue (2.0 x $189.68). *See* Dkt. 33, 33-1; *Jean*, 496 U.S. at

ORDER - 5

(2)     Subject to any offset allowed under the Treasury Offset Program, as discussed in *Astrue v. Ratliff*, 560 U.S. 586, 130 S. Ct. 2521 (2010), payment of this award shall be sent to plaintiff's attorney Eitan Kassel Yanich at his address: Eitan Kassel Yanich, PLLC, 203 Fourth Avenue E., Suite 321, Olympia, WA 98501.

(3)     After the Court issues this Order, defendant will consider the matter of plaintiff's assignment of EAJA fees and expenses to plaintiff's attorney. Pursuant to *Astrue v. Ratliff*, the ability to honor the assignment will depend on whether the EAJA fees and expenses are subject to any offset allowed under the Treasury Offset Program.  Defendant agrees to contact the Department of Treasury after this Order is entered to determine whether the EAJA attorney fees and expenses are subject to any offset. If the EAJA attorney fees and expenses are not subject to any offset, those fees and expenses will be paid directly to plaintiff's attorney, either by direct deposit or by check payable to him and mailed to his address.

DATED this 4th day of January, 2016.


Karen L. Strombom
United States Magistrate Judge

---

161-62 (stating that "absent unreasonably dilatory conduct by the prevailing party in 'any portion' of the litigation, which would justify denying fees for that portion, a fee award presumptively encompasses all aspects of the civil action," and that "the EAJA – like other fee-shifting statutes – favors  treating a case as an inclusive whole") (citing *Sullivan v. Hudson*, 490 U.S. 877, 888 (1989) (stating where administrative proceedings are "necessary to the attainment of the results Congress sought to promote by providing for fees, they should be considered part and parcel of the action for which fees may be awarded").

ORDER - 6